**In the Matter of Fredrick R. SPENCER, Judge of the Madison Circuit Court.**

**No. 48S00–0102–JD–137.**

Supreme Court of Indiana.

Dec. 27, 2001.

Kevin McGoff, Indianapolis, IN, for the Respondent.

Meg Babcock, Counsel to the Commission, Indianapolis, IN, for the Indiana Commission on Judicial Qualifications.

PER CURIAM.

This matter comes before the Court as a result of a judicial disciplinary complaint filed by the Indiana Commission on Judicial Qualifications ("Commission") against the respondent, Fredrick R. Spencer, Judge of the Madison Circuit Court. The Court has original jurisdiction under Article 7 Section 4 of the Indiana Constitution and Indiana Admission and Discipline Rule 25. The Court appointed masters to hear and take evidence. See Admis. Disc. R. 25 (VIII)(I). Before the case went to trial, however, the Commission and respondent jointly submitted a "Statement of Circumstances and Conditional Agreement for Discipline." See Admis. Disc. R. 25(VIII)(H). The Court approved the parties' agreed settlement by written order dated September 24, 2001.

The parties stipulated that during his 2000 judicial re-election campaign, the respondent placed an advertisement on television that ran approximately 128 times in Madison County, Indiana. The advertisement included narration stating, "When Judge Spencer ran for judge of the Circuit Court, he promised to send more child molesters to jail ... burglars to jail ... drug dealers to jail ...." The advertisement depicted a cell door slamming shut with each statement. The narrator stated in conclusion, "He's kept his promise. Let's keep Judge Spencer." The respondent appeared in his judicial robe at the beginning and at the end of the advertisement.

The parties stipulated, and the Court agrees, that the respondent violated Canon 5(A)(3)(d)(i) of the Code of Judicial Conduct, which prohibits a judicial candidate from making pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office; Canon 5(A)(3)(d)(ii), which prohibits a judicial candidate from making statements that commit or appear to commit the candidate with respect to cases, controversies, or issues that are likely to come before the court; and Canon 5(A)(3)(a), which requires a candidate to maintain the dignity appropriate to the judicial office and act in a manner consistent with the independence of the judiciary.

The parties further agreed that an appropriate sanction for the respondent's misconduct is a public reprimand. A harsher sanction may be appropriate for some violations of Canon 5(A)(3). However, in light of the Court's policy favoring the agreed resolution of disciplinary cases and the resulting savings of judicial resources and expenses, the Court accepts the parties' agreed discipline. Accordingly, the respondent, Judge Fredrick R.

Spencer, is hereby reprimanded and admonished for his conduct.

Costs of this proceeding are assessed against the respondent.

All Justices concur.